IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

SAMUEL LEWIS KEY, JR,

                Plaintiff

VS.                             NO. 5:09-CV-292 (CAR)

VICTORIA L. MALONE, *et al.*,

                Defendants       **PROCEEDINGS UNDER 42 U.S.C. §1983**
                                             **BEFORE THE U. S. MAGISTRATE JUDGE**

## RECOMMENDATION

Before the court is a motion seeking dismissal of the above-captioned action filed by defendants Victoria L. Malone, Steve Upton, and Jack Williams. Tab #27. In this motion, the defendants contend that, prior to filing the above-captioned 42 U.S.C. §1983 action, plaintiff Samuel Lewis Key, Jr. failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. § 1997e(a). Following receipt of the motion, the undersigned ordered and directed the plaintiff to file a response thereto. Tab #30. The plaintiff has filed a single response ( Tab #35) to which the defendants replied (Tab #3627). The motion is now ripe for review.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Key, an inmate at Augusta State Medical Prison in Grovetown, Georgia, filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Tab #1. In compliance with this Court's prior order (Tab #12), he supplemented his complaint (Tab #15). As discussed in this Court's order to supplement, plaintiff Key suffers from diabetes, had his left leg amputated in 2003, and uses three different prosthetic legs. According to plaintiff, in July of 2009, unidentified guards at the Georgia Diagnostic and Classification Prison ("GDCP"), where plaintiff was previously confined, confiscated plaintiff's prosthetic accessories, which are necessary for use of the prosthetic legs.

Plaintiff Key claims that, as he has been unable to use his prosthetic legs, he has been confined to a wheelchair and, as a result, his physical condition has deteriorated. In his supplement, he contends that he has informed each of the defendants as to his need for the prosthetic accessories, including filing a grievance with defendant Malone, but that none of the defendants provided plaintiff with the necessary accessories. As a result of the above, he requests "reimbursement for prosthetic and accessories," compensatory damages in the amount of one-million-five-hundred-thousand-dollars ($1,500,000.00), and "court costs and discretionary expenses for this action."

In response to the plaintiff's assertions, the defendants have filed the motion seeking dismissal identified above. Therein, they aver that plaintiff Key failed to exhaust his available administrative remedies *prior* to filing the instant action. Consequently, and upon this assertion, they argue that this action should be dismissed. The undersigned agrees.

## **LEGAL STANDARDS**

A complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), if it does not "state a claim upon which relief can be granted." When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all factual allegations in the complaint must be accepted as true, with all reasonable inferences construed in the light most favorable to the plaintiff. *Wagner v. Daewoo Heavy Industries America Corp.*, 289 F.3d 1268, 1270 (11th Cir. 2002), *vacated on other grounds*, 298 F.3d 1228 (11th Cir. 2002); *See also*, *Beck v. Deloitte & Touche*, 144 F. 3d 732, 735 (11th Cir. 1988). Conclusory allegations and unwarranted deductions of fact, however, are not admitted as true. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). Moreover, "[a] complaint is subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim." *Marsh v. Butler County, Alabama*, 268 F. 3d 1014, 1022 (11th Cir. 2001) (*en banc*) (citing *Quiller v. Barclays American/Credit, Inc.*, 727 F. 2d 1067, 1069 (11th Cir. 1984) *vacated on petition for rehearing*, *reinstated by* 764 F. 2d 1400 (11th Cir. 1985)).

EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act of 1995 ("PLRA") mandates that before an incarcerated plaintiff can bring any action under 42 U.S.C. §1983, he must exhaust all of the administrative remedies available to him. 42 U.S.C. §1997e(a). The Eleventh Circuit has also made it clear that exhaustion of available administrative remedies is a precursor to a prisoner's filing a civil rights action, even when the administrative procedures set forth by the prison are futile or inadequate. *Alexander v. Hawk*, 159 F.3d 1321, 1326 (11th Cir. 1998).

Where a request for dismissal based on the affirmative defense of failure to exhaust is raised, consideration of such a request involves the application of the two-step process described below. *Turner v. Burnside*, 2008 U.S. App. LEXIS 18510 at *8 (11th Cir. August 28, 2008). First, the court looks to the factual allegations in the defendant's motion seeking dismissal as well as those in the plaintiff's response. If they conflict, the court takes the plaintiff's version of the facts as true. *Id*. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id*. (citing, *Bryant*, 530 F.3d at 1373-74).

If the complaint is not subject to dismissal at the first step, the court proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion. *Bryant*, 530 F.3d at 1373-74, 1376; *Turner*, 2008 U.S. App. LEXIS 18510, at *9. Once these findings have been made, the court, based on those findings, must determine whether or not the inmate has exhausted available administrative remedies. *Turner* at *9.

## **DISCUSSION**

As noted above, the defendants seek dismissal of this action based on the affirmative defense of failure to exhaust administrative remedies. In support of this assertion, and in addition to supporting briefs, they have submitted the affidavit of Grievance Coordinator James Brown, applicable sections of the Georgia Department of Corrections Standard Operating Procedures, and a copy of the plaintiff's informal grievance and attached pages. This grievance was filed by the plaintiff and rejected by the defendants due the attachments. Relying upon above documents, the defendants aver that the plaintiff did not exhaust any grievances involving the incidents described in his Complaint.

In response, plaintiff Key offers numerous arguments. These arguments include, *inter alia*, claims that he had no available administrative remedies, that filing a grievance would be a waste of his time, that he did not have time to file a grievance and await a response, that there is no legal requirement that he file a grievance prior to filing a lawsuit raising a constitutional claim, that he communicated his concerns to the defendants, and that he filed an informal grievance that was improperly rejected by the defendants. For these reasons, he concludes that the defendants' motion seeking dismissal should be denied.

In reply, the defendants correctly contend and show that administrative remedies (i.e. the grievance process) were available to the plaintiff, that the grievance procedure provides for the filing of an emergency grievance which, if founded, would result in immediate corrective action, that his claims are grievable and thus subject to the exhaustion requirement of the PLRA, and that communicating complaints using methods other than those provided by the grievance procedure is not sufficient to satisfy the aforementioned exhaustion requirement. In addition, and with respect to the plaintiff Key's rejected informal grievance, the defendants point out that this grievance was rejected because it had attachments. They then note that, according to the explicit and unambiguous provisions of the grievance policy, informal grievances may not have attachments and that, should an inmate file such a non-conforming grievance, it shall be rejected. *See* Section IV, Part B, Subpart 3 of the Statewide Grievance Procedure. Moreover, the defendants go on to note that, at the time the rejected grievance was returned to the plaintiff, he was notified why it was rejected and had an opportunity to re-file a conforming grievance. Despite this opportunity, plaintiff Key failed to timely re-file a conforming grievance.

In light of the above, the undersigned finds that plaintiff Key failed to exhaust his available administrative remedies prior to filing the instant action. Accordingly, IT IS RECOMMENDED that the defendants' motion seeking dismissal be **GRANTED** and that this case be **DISMISSED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED,** this 8th day of JUNE, 2010.



    CLAUDE W. HICKS, JR.
    UNITED STATES MAGISTRATE JUDGE